# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **ASHLEY BRACEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:10 CV 116** |
| | ) | |
| **JOHN GOVIN,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION and ORDER

On January 4, 2010, Officer John Govan of the Marion Police Department accompanied another officer to the Paradise Bar and Lounge in Marion to serve a warrant. While in the Paradise Bar, Govan noticed a female who appeared to be under age leaving through the bar's side door. Officer Govan spoke to her, found that she was twenty years of age and that her name was Ashley Bracey (though she had an ID in another name), and noticed a smell of alcohol on her breath. Officer Govan had Bracey tested on a portable Breath Test machine, and she tested positive. He then arrested her for being a minor in a tavern and illegal possession of alcohol by consumption.

Bracey filed a complaint pursuant to 42 U.S.C. § 1983, related to these events. Because her original complaint did not state sufficient information to determine whether the claim for relief was plausible, the court struck it. Bracey subsequently filed an amended complaint to which she attaches several documents, including the arrest report filled out by Officer Govan and a motion to dismiss she filed in the Marion City Court seeking to have the charges against her dismissed. The amended complaint alleges that Officer Govan and Grant County Sheriff Darrell Himelck violated Bracey's

Fourth Amendment rights because Officer Govan searched and arrested her without a warrant. Bracey asks that this Court "[d]ismiss the charge that has come to the plaintiff" (DE # 4 at 3), and she seeks $300,000 in damages.

This matter is before the court on plaintiff's motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious, or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. § 1915(e)(2).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1940.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). The court will review a *pro se* plaintiff's complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642, 646-47 (7th Cir. 2004). To state

a claim under Section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every Section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v.McCollan*, 443 U.S. 137, 140 (1979).

Bracey requests that this court "dismiss the charge that has come to the Plaintiff." (DE 4 # at 3.) To grant this relief, however, would require this court to intervene in the criminal prosecution in the Marion City Court. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971), requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism. Criminal prosecution is an important state interest, and nothing in the complaint or its attachments suggest the existence of facts that would avoid the *Younger* doctrine's prohibition against this court intervening in the criminal prosecution against Bracey. Though Bracey may believe that she is being erroneously prosecuted, the proper place for her to contest the validity of this criminal charge is in the state court system.

Bracey also seeks $300,000 in damages for alleged violation of her Fourth Amendment right to be free of unreasonable searches and seizures. While the amended complaint is not as clear as it might have been, it appears that she alleges a lack of probable cause for her warrantless arrest. Bracey supplements the claims asserted in the body of her amended complaint with a motion to dismiss she filed in her criminal case

(DE # 4 at 13-14), in which she argues that the charges against her should be dismissed because no judge had issued a search warrant, and that there was no probable cause for the search conducted by Officer Govan which led to her arrest.

"The Fourth Amendment, incorporated by the Fourteenth Amendment, provides that '[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated . . . .'" *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000). The Fourth Amendment, however, does not prohibit all warrantless searches and seizures, only those that are "unreasonable." *United States v. McCarthur*, 6 F. 3d 1270, 1275 (7th Cir. 1993). One of the well-established exceptions to the Fourth Amendment's warrant requirement is "the ancient common-law rule that a peace officer [is] permitted to arrest without a warrant for a misdemeanor or felony committed in his presence as well as for a felony not committed in his presence if there [is] reasonable ground for making the arrest." *United States v. Watson*, 423 U.S. 411, 418 (1976). A warrantees arrest is reasonable for Fourth Amendment purposes if the arresting officers had probable cause to believe a crime had been committed and that the arrestee was the person who committed that crime. *Michigan v. Summers*, 452 U.S. 692 (1981). A plaintiff may not recover on a Fourth Amendment claim where "'a reasonable officer could have believed [the plaintiff's arrest] to be lawful, in light of clearly established law and the information the [arresting] officer possessed.'" *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).

> To succeed on his unlawful arrest claim . . . [the plaintiff] must prove that [the defendants] arrested him without probable cause. A law enforcement

officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. We evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer--seeing what he saw, hearing what he heard.

*Booker v. Ward*, 94 F.3d 1052, 1057-58 (7th Cir. 1996) (citations, emphasis, and quotation marks omitted).

The attachments to the amended complaint establish that the information available to Officer Govan when he arrested Bracey was that while he was in the Paradise Bar he:

> noticed a female later identified to be Ms. Ashley Bracey exit the side door of the Paradise Lounge and get into the back seat of Ms. Horton's vehicle. I noticed that Ms. Bracey appeared to be young in age. I approached the vehicle and made contact with Ms. Bracey. I asked her how old she was and she said 20 years old. I informed her that I saw her exiting the Paradise and she said she just went inside to retrieve a camera. I informed her that regardless, it was still illegal for her to be in a tavern establishment. I noticed the odor of unknown alcoholic beverage(s) emitting from her breath. Ms. Bracey tested positive for the presence of alcohol on a Portable Breath Test at a level of 0.013%. When I showed Ms. Bracey the reading on the PBT she said she didn't even drink at the bar, she only drank a little bit at home. . . [The ID card Ms. Bracey produced] . . . belonged to Tamika Beard, who Ms. Bracey claimed was her friend. I placed the ID card into evidence because I was not able to locate Ms. Beard. I transported Ms. Bracey to the Grant County Jail where she was charged with Minor in Tavern and Illegal Possession of Alcohol by Consumption.

DE 4 at 9.

Because Officer Govan arrested Bracey after a misdemeanor was committed in his presence, he did not need to obtain a warrant. *Watson*, 423 U.S. at 418. The attachments to the amended complaint establish that Officer Govan had probable cause

to arrest Bracey because the facts and circumstances within his knowledge at the time of the arrest were sufficient to warrant a prudent person in believing that Bracey was under the age of 21, that she had been in a tavern, and that she had been drinking, whether at the tavern or elsewhere. Because Officer Govan had probable cause to arrest Bracey, this warrantless arrest did not violate the Constitution's Fourth Amendment.

For the foregoing reasons, the court **DENIES** plaintiff's motion for leave to proceed *in forma pauperis* (DE # 2) pursuant to 28 U.S.C. §1915(e)(2) and **DISMISSES** this cause of action.

**SO ORDERED.**

Date: March 14, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT